UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
FRED ALSTON, as a Trustee of the LOCAL       :
272 LABOR-MANAGEMENT PENSION
FUND; FRED ALSTON, as a Trustee of the       :
LOCAL 272 WELFARE FUND,

                                        :

                  Plaintiffs,

                                          :

        -against-                    **MEMORANDUM AND ORDER**

                                          :

SELECT GARAGES LLC, and               12 Civ. 1459 (GBD)(KNF)
WEST 36TH OPERATING LLC,          :

                  Defendants.    :
--------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

## INTRODUCTION

       The plaintiffs commenced this action, pursuant to the Employee Retirement Income

Security Act of 1974, 29 U.S.C. §§ 1132 and 1145, to collect fringe benefit contributions from

the defendants.  On July 16, 2012, the assigned district judge issued a Default Judgment: (1)

finding that the defendants are liable to the plaintiffs, jointly and severally, for the relief

demanded in the complaint, namely an audit of "all books and records of all defendants' trades

and businesses, whether or not incorporated, which are under the defendants' common control,

that will enable plaintiffs to determine the amount of contributions owed to plaintiffs on behalf

of participants employed by defendants for the period July 1, 2010 to present"; (2) directing the

defendants to "pay to the plaintiffs an award of plaintiffs' attorney's fees of $1,325.00 and costs

of $425.00 pursuant to 29 U.S.C. Section 1132(g)(2)(D)"; and (3) directing the Clerk of the

Court to enter the July 16, 2012 judgment as a final judgment.[1]  Before the Court is the

plaintiffs' motion for an order, pursuant to Fed. R. Civ. P. 45(e) and Local Civil Rule 83.6,

"punishing" the defendants "by fine, imprisonment, or both for its [sic] contempt in failing to

obey a judgment entered by this Court on July 16, 2012, and a subpoena, returnable September

24, 2012, served upon it [sic] on August 22, 2012," and for attorneys' fees.

## PLAINTIFFS' CONTENTIONS

The plaintiffs contend that, on August 22, 2012, they served subpoenas on the defendants

by personal delivery, requiring them to appear at the office of the plaintiffs' counsel, on

September 24, 2012, at 2:30 p.m., for a deposition on all matters relevant to the satisfaction of

the judgment.  The subpoenas also required the defendants to produce "payroll records, general

ledgers, I.R.S. Corporate Income Tax Returns, New York State Forms NYS-45 and NYS-45-

ATT, for the judgment debtor for the period of the third quarter of 2010 to present."  According

to the plaintiffs, the defendants' counsel was not available on September 24, 2012, and the

parties agreed to adjourn the depositions to October 3, 2010, at 10:30 a.m.  The depositions were

adjourned for a second time, without a date, to allow the parties to discuss settlement.  As the

settlement discussions were not successful, the plaintiffs made several requests to reschedule the

depositions, but the defendants refused to agree to a date.  The plaintiffs contend that they

scheduled November 29, 2012, at 9:30 a.m. for the depositions, but the defendants failed to

appear.  They assert that: (a) the defendants should be held in civil contempt; (b) the plaintiffs

should be awarded reasonable attorney's fees and costs; and (c) a fine of $500.00 per day should

be imposed on the defendants, until they comply with the subpoenas.

---

[1]As of the date of this writing, the Clerk of Court has not entered the final judgment.

In support of their motion, the plaintiffs submitted a declaration by their attorney, accompanied by Exhibit A (the July 16, 2012 Default Judgment), Exhibit B (the August 20, 2012 subpoena to testify at a deposition or to produce documents in a civil action, served on Select Garages LLC), Exhibit C (the August 20, 2012 subpoena to testify at a deposition or to produce documents in a civil action, served on West 36th Operating LLC), and Exhibit D (the August 24, 2012 affidavits of service of the August 20, 2012 subpoenas). The plaintiffs' attorney states, through the declaration, that the defendants "have satisfied only the monetary portion of the judgment." According to the plaintiffs' attorney, after rescheduling the originally noticed depositions and subsequent to failed settlement negotiations, the defendants did not cooperate in finding convenient deposition dates, so he scheduled the deposition(s) for November 29, 2012 at 9:30 a.m., at his office. The defendants were notified of the rescheduled depositions but did not appear and continued to refuse to reschedule the depositions and to produce the required documents. The plaintiffs' attorney asserts that auditing the defendants' books and records is necessary to assess whether the defendants paid the total amount of contributions required. He maintains that an audit has not been completed because the auditors received only partial data for the period April 2011 through November 2011, but not "complete information for the period July 2010 to present, as required by the judgment and the subpoena[s]."

## LEGAL STANDARD

Rule 45 of the Federal Rules of Civil Procedure provides that the "issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." Fed. R. Civ. P. 45(e). However, the contempt authority of magistrate judges is limited by the Federal Magistrates Act. See 28 U.S.C. § 636(e); see Kiobel v. Millson, 592 F.3d 78, 88 (2d Cir. 2010) ("[C]oercive authority is entrusted to magistrate judges for matters within

their statutory authority.").  The Federal Magistrate Act provides that, in civil, non-consent

cases, where an act constitutes a civil contempt,

> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified.

> 28 U.S.C. § 636(e)(6)(B)(iii).

> In certifying the facts under Section 636(e), the magistrate judge's role is "to determine whether the moving party can adduce sufficient evidence to establish a prima facie case of contempt."  The district court, upon certification of the facts supporting a finding of contempt, is then required to conduct a de novo hearing at which issues of fact and credibility determinations are to be made.

> Bowens v. Atlantic Maint. Corp., 546 F. Supp. 2d 55, 71 (E.D.N.Y. 2008) (internal citation omitted).

A party may be held in civil contempt for failing to comply with a subpoena if:

> (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner.  A clear and unambiguous order is one that leaves "no uncertainty in the minds of those to whom it is addressed," who "must be able to ascertain from the four corners of the order precisely what acts are forbidden."

> King v. Allied Vision, Ltd., 65 F.3d 1051, 1058 (2d Cir. 1995) (citations omitted).

Absent clear and convincing evidence of non-compliance, the harsh remedy of civil contempt is

not warranted.  See Hart Schaffner & Marx v. Alexander's Dep't Stores, Inc., 341 F.2d 101, 103

(2d Cir. 1965).  A contempt "order is a potent weapon, to which courts should not resort where

there is a fair ground of doubt as to the wrongfulness of the [accused contemnor's] conduct."

King, 65 F.3d at 1058 (internal quotation marks and citations omitted).

## APPLICATION OF LEGAL STANDARD

### *Whether Subpoenas Are Clear and Unambiguous*

The August 20, 2012 subpoenas, issued by the plaintiffs directed Select Garages LLC and West 36th Operating LLC to appear, on September 24, 2012 at 2:30 p.m., at the office of the plaintiffs' attorney, for depositions and to bring documents listed in Attachment B to the subpoenas. The subpoenas informed the defendants that the depositions would be recorded by stenographic means and about the protections and duties provided by Rule 45 of the Federal Rules of Civil Procedure. Therefore, the August 20, 2012 subpoenas were clear and unambiguous.

### *Whether Proof of Noncompliance is Clear and Convincing*

The plaintiffs contend that the parties agreed to adjourn the September 24, 2012 depositions to October 3, 2012. According to the plaintiffs' attorney, the October 3, 2012 depositions were adjourned, without a date, to allow for settlement negotiations. The plaintiffs' attorney scheduled the depositions for November 29, 2012, and he notified the defendants. The defendants failed to appear for the November 29, 2012 depositions.

The plaintiffs did not fail to comply with the August 20, 2012 subpoenas because the parties agreed to adjourn the depositions scheduled by the August 20, 2012 subpoenas. The plaintiffs have no basis to accuse the defendants of contempt for failing to comply with the subpoenas directing them to appear for depositions on September 24, 2012, when the plaintiffs consented to the defendants' noncompliance with the subpoenas by adjourning the depositions to October 3, 2012. The plaintiffs did not issue subpoenas for the November 29, 2012 depositions; instead, they provided notice to the defendants about the November 29, 2012 depositions.

"A party may, by oral questions, depose any person, including a party," and "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party." Fed. R. Civ. P. 30(a)(1) and (b). "The deponent's attendance may be compelled by subpoena under Rule 45." Fed. R. Civ. P. 30(1)(1).

Contempt is available under Rule 45 for failing to obey a subpoena, and no subpoena issued for the November 29, 2012 depositions. The plaintiffs chose to notify the defendants about the November 29, 2012 depositions, rather than issue subpoenas for the November 29, 2012 depositions. In doing so, the plaintiffs acted at their own peril, despite: (i) the defendants' "unwillingness to cooperate in setting another deposition date," as indicated in the declaration of the plaintiffs' attorney; and (ii) the availability of Rule 45, a vehicle to compel a non-cooperating party to attend a deposition. The defendants cannot be held in contempt based on the August 20, 2012 subpoenas, because they did not fail to obey those subpoenas, given that the parties agreed to adjourn the deposition dates. The defendants' failure to appear for their own depositions, after receiving Rule 30 notice informing them to appear for depositions on November 29, 2012, is sanctionable pursuant to Rule 37(d), not Rule 45. Therefore, the Court finds that the plaintiffs failed to adduce sufficient evidence to establish a prima facie case of contempt.

### Conclusion

The Court finds that holding the defendants in contempt is not warranted because: (1) the August 20, 2012 subpoenas were clear and unambiguous; and (2) the plaintiffs failed to present clear and convincing evidence of the defendants' noncompliance with the August 20, 2012 subpoenas. Therefore, no basis for certifying facts to the assigned district judge, as

6

contemplated by 28 U.S.C. § 636(e), exists, and the plaintiffs' motion, Docket Entry No. 9, is

denied.

Dated: New York, New York                SO ORDERED:
       July 3, 2013

                                        *Kevin Nathaniel Fox*

                                        KEVIN NATHANIEL FOX
                                        UNITED STATES MAGISTRATE

7